Thomas D. DAILEY, Appellant,

v.

ALCOA STEAMSHIP COMPANY, Inc., Appellee.

No. 21084.

United States Court of Appeals Fifth Circuit.

Oct. 9, 1964.

Rehearing Denied Nov. 23, 1964.

John M. Holahan, New Orleans, La., for appellant.

Maurie D. Yager, William E. Wright, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

WISDOM, Circuit Judge:

In this action against a shipowner for wages, maintenance and cure the sole question is whether the seaman was in the service of his ship when shortly after midnight in a New Orleans barroom he broke his leg by falling off a bar stool.

In his formal "Conclusions of Law" the district judge gave several grounds for dismissing the libel:

"The reasoning of the Aguilar case, however, is not at all applicable to the present situation. (1) Here there could be no conceivable connection between the service of the ship and the activities of libelant at the time of his injury. (2) He was not on authorized shore leave at all. (3) He was not on shore leave for the purpose of escaping for a time the monotony of the services aboard the ship during a voyage. He had

performed no services of any kind aboard the ship, and in fact, in failing to report aboard the ship ready to work, as instructed by the officer in charge, he had violated the orders of his superior officer to the extent that discharge from employment therefore was in order at the discretion of his superior officer. Hence, under the circumstances of this case, the shipowner should be relieved of liability for injuries thus sustained by libelant while engaged in activities in no way whatsoever connected with the service of the ship, and in no way connected with shore leave as contemplated by the doctrine of the Aguilar case.

"Willful misbehavior or deliberate acts of indiscretion suffice to deprive the seaman of his protection. The traditional instances are venereal disease and injuries received as a result of intoxication. When the seaman's injuries are caused by his intoxication, they are held to be occasioned by his misconduct, thus relieving the shipowner of the duty to provide maintenance and cure. Barlow v. Pan Atlantic Steamship Corp., 2 Cir., 101 F.2d 697; Bloomquist v. T. J. McCarthy S. S. Co., 7 Cir., 263 F.2d 590; Smith v. Isthmian Lines, Inc., D.C., 205 F.Supp. 954.

"The injury suffered by libelant in this case was caused by his own misconduct, that is, while intoxicated, and while engaged in activities in no way whatsoever connected with the service of his ship, and thus, the respondent shipowner is thereby relieved of all liability for lost wages, maintenance and cure resulting therefrom."

We express no opinion on the correctness of the district court's statement of the law as set forth in the first paragraph we have quoted. We affirm the district court's holding, as stated in the second and third paragraphs, that the libelant's intoxication constituted misconduct barring recovery.

The " 'poor and friendless' seaman", Gilmore and Black observe, is "the beneficiary of a system of accident and health insurance at the shipowner's expense more comprehensive than anything yet achieved by shorebound workers." [1] Norris has written: "The effect of Aguilar [Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107] has been to expand and elasticize the meaning and extent of the phrase 'in the service of the ship' so that at the present time it virtually encompasses all of the seaman's activity from the time he departs from her after signing off. The personal nature of the seaman's activity at the moment of illness or injury is not the determining factor in deciding his right to an award." [2] Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850, Warren v. United States, 1951, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503, and other cases have extended the meaning of the term "service of the ship" beyond the limits set in Aguilar.

If wilful misconduct causes the injury, however, it will bar a seaman's recovery of wages, maintenance and cure. Thus in Aguilar the Court added the caveat:

"Only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection. [citing cases] The traditional instances are venereal disease and injuries received as a result of intoxication, though on occasion the latter has been qualified in recognition of a classic predisposition of sailors ashore." 318 U.S. at 731, 63 S.Ct. at 934.

The trend of the cases toward increased coverage for a seaman in the "service of his ship" and Justice Rutledge's suggestion in Aguilar that there

---

1. Gilmore and Black, The Law of Admiralty 254 (1957).

2. Norris, The Law of Seamen 624 (1962).

are "occasions" when the court should bear in mind the "classic predisposition of sailors ashore" seem to point toward judicial tolerance when seamen are injured while engaged in their own fun in a seaman's bar. Thus some courts have said that "recovery of maintenance and cure is [not] forfeited by the mere circumstance that the injured seaman is intoxicated at the time [of his injury]." Bentley v. Albatross, 3 Cir. 1952, 203 F.2d 270. See also Buckeye S. S. Co. v. McDonough, 6 Cir. 1952, 200 F.2d 558, cert. denied 1953, 345 U.S. 926, 73 S.Ct. 785, 97 L.Ed. 1357. In these cases, however, as in The S. S. Berwindglen, 1 Cir. 1937, 88 F.2d 125, the presence or absence of unseaworthiness and negligence were important factors in the decision. In The Quaker City, D.C.Pa.1931, 1 F. Supp. 840, where the factors of unseaworthiness and negligence were absent, the court drew a distinction between innocent involvement of a drunken seaman in a brawl and involvement of a drunken seaman who had instigated the brawl. The Seventh Circuit, in Bloomquist v. T. J. McCarthy Steamship Co., 263 F.2d 590 distinguished Bentley because it involved unseaworthiness, distinguished McDonough because it involved negligence and stated, flatly, that "a seaman [is] not entitled to maintenance for injuries resulting from his own intoxication". 263 F.2d at 593.

In the case before us, there is no question of unseaworthiness of the ship, negligence of the shipowner or the master, or innocent involvement in a brawl of a seaman who just happened to be drunk at the time. If, as the district court found, the libelant's intoxication caused his injury, he was solely responsible for it.

In reviewing this case, this Court is bound by the clearly erroneous rule. McAllister v. United States, 1945, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. The medical records show that the libelant was a chronic alcoholic. He had the odor of alcohol on his breath when he was admitted to the hospital at 2 A.M. after his accident. He admits doing some drinking before going to the barroom.

And he was in the bar from about 11 P. M. to about 1:30 A.M.

The record is painfully emaciated, but we cannot say that the district court was clearly erroneous.

The judgment is affirmed.